Filed 2/2/22  P. v. Maldonado CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE SANTIAGO MALDONADO,<br><br>Defendant and Appellant. | C093172<br><br>(Super. Ct. No. 00F08280) |

In December 2001, defendant Jose Santiago Maldonado was found guilty of murder and it was found he was personally armed during the murder's commission. Defendant was sentenced to 25 years to life plus three years.  In June 2020, defendant

1

filed a petition for resentencing under Penal Code section 1170.95.[1]  The trial court found defendant ineligible for relief because the factual summary in our prior opinion indicated the jury could have found defendant guilty of murder under a direct aider and abettor theory.  Defendant now contends the trial court erred when it engaged in fact-finding before issuing an order to show cause.  The People agree the matter should be remanded for further proceedings, and we do too.

BACKGROUND

We take the background from this court's prior opinion in defendant's direct appeal.  (*People v. Maldonado* (Dec. 3, 2003, C041013) [nonpub. opn.] (*Maldonado*).)[2]  Rojelio Garcia, while working at a convenience store, rejected a counterfeit bill used by David Deponte and called the police.  Deponte complained about Garcia to defendant and others, telling defendant he planned on confronting Garcia.  Deponte made statements that defendant interpreted as a plan to shoot Garcia, though defendant later told police he did not believe Deponte would go through with it.  Defendant also told police he gave Deponte a firearm but later recanted the statement.  (*Id.* at pp. 2-3.)

On the evening of October 1, 2000, Deponte shot and killed Garcia outside of the convenience store.  Defendant and his brother followed Deponte that evening and took bets on whether he would go through with the shooting.  After witnessing the shooting, defendant expressed surprise Deponte did it, then went to Garcia's body and took his jewelry, cell phone, and wallet.  (*Maldonado, supra*, C041013 at pp. 3-4.)

On December 12, 2001, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), and found that he was personally armed with a firearm during the

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  We take judicial notice of this prior opinion on our own motion.  (Evid. Code, § 452, subd. (d).)

2

commission of the offense (§ 12022, subd. (a)(1)). The trial court sentenced defendant to 25 years to life for the murder, one year for a firearm enhancement, and two years for a probation violation. (*Maldonado, supra*, C041013 at p. 1.)

Defendant appealed and this court affirmed the judgment. (*Maldonado, supra*, C041013 at p. 17.) In the opinion on direct appeal, this court noted that the jury was instructed on the natural and probable consequences doctrine for first degree murder.[3] (*Id*. at pp. 9-10.)

In June 2020, defendant filed a petition for resentencing under section 1170.95. In his declaration, defendant checked the boxes to indicate a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and at trial he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine. Defendant also checked the box to indicate that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code § § 188 and 189, effective January 1, 2019." The prosecutor filed a response and motion to dismiss the petition and defendant's appointed counsel filed an opposition to the motion to dismiss.

On October 5, 2020, the trial court denied defendant's petition. The trial court noted defendant had been convicted of first degree murder and the jury had been instructed on this charge under both direct aiding and abetting as well as the natural and probable consequences doctrine, so defendant "could have been convicted under the natural and probable consequences doctrine." However, after reviewing the summary of evidence in this court's prior opinion, the trial court found that there was evidence defendant intended for Deponte to kill Garcia. "Thus, the court now concludes that as a

---

[3] The jury instructions and verdict forms from defendant's trial are not in the record of this appeal.

matter of law, the evidence presented at trial, as summarized by the Third District in its appellate opinion, is sufficient for a jury to conclude, beyond a reasonable doubt, that [defendant] is guilty of first degree murder based on a direct aiding and abetting theory of liability," rendering defendant ineligible for relief.

## DISCUSSION

Defendant contends the trial court erred in performing a sufficiency of the evidence analysis to deny his petition. Defendant asserts his petition established a prima facie case, and he asks us to remand the matter so that the trial court can issue an order to show cause and hold an evidentiary hearing. The People agree.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) The amended section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437 added section 189, subdivision (e) to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

4

Senate Bill No. 1437 also added section 1170.95, "which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Section 1170.95, subdivision (b) lists the required contents of a petition. "The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, former subd. (b)(1).) If any of the information required by subdivision (b)(1) "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Former subdivision (c) describes a trial court's responsibilities upon the filing of a petition that contains the information required by subdivision (b)(1). "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, former subd. (c).)

A defendant must show the following to make a prima facie showing that he/she falls within the provisions of section 1170.95: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences

5

doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, former subd. (a).)

B

Section 1170.95, subdivisions (b) and (c) create a four-step process for evaluating a petitioner's eligibility for relief: "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis, supra*, 11 Cal.5th at p. 966.) In making the prima facie determination, trial courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Ibid.* ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

However, "[i]f, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision (a)], then the trial court should issue an order to show cause. [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subdivision (c)], it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981,

6

abrogated on other grounds in *Lewis, supra*, 11 Cal.5th 952, 963.)  Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence.  (§ 1170.95, subd. (d)(3).)

C

Accepting the facts in defendant's petition as true, defendant has made a prima facie showing for eligibility and there is nothing in the record of conviction that establishes defendant is ineligible as a matter of law.  Though the jury instructions and verdict forms are not in the record on appeal, our prior opinion and the trial court's decision below both indicate defendant's jury was instructed on the natural and probable consequences doctrine; this fact has not been challenged.  The natural and probable consequences theory of murder liability is no longer valid after Senate Bill No. 1437.  Even if the jury had also been instructed on a still valid theory, there is nothing in the record that can conclusively establish the jury necessarily found defendant guilty under such a theory.  Applying a substantial evidence standard at the prima facie stage to determine what the jury *could* have found would require improper factfinding and contradict the beyond a reasonable doubt standard imposed on the prosecutor at the evidentiary hearing to prove defendant's ineligibility.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 813-814; *Lewis, supra*, 11 Cal.5th at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' "].)[4]

---

[4]  Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which modified section 1170.95, became effective during the pendency of this appeal.  One of the bill's modifications was to clarify that, during the evidentiary hearing, "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)  This clarification confirms a trial court cannot dismiss a petition at the prima facie stage on a substantial evidence standard.

7

## DISPOSITION

The trial court's order denying defendant's petition is reversed and the trial court is directed to issue an order to show cause.

                                                        /S/
                                                MAURO, J.

We concur:

      /S/
BLEASE, Acting P. J.

      /S/
RENNER, J.

8